```
                   United States District Court
                     District of Massachusetts
 _____
                               )
Fa-Hsing Lu,                   )
                               )
          Plaintiff,           )
                               )
     v.                        )
                               )   Civil Action No.
Hyper Bicycles, Inc.,          )   20-11739-NMG
                               )
          Defendants.          )
                               )
 _____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises out of the alleged infringement by the defendant Hyper Bicycles ("Hyper" or "the defendant") of two design patents held by the plaintiff, Fa-Hsing Lu ("the plaintiff"). On October 20, 2021, the Court held a Markman hearing with respect to the claim construction to be applied to the design patents.

## I. Background

On September 23, 2020, Fa-Hsing Lu, a citizen and resident of Taiwan, Republic of China, filed a patent infringement suit against Hyper Bicycles, Inc., a Massachusetts corporation with its principal place of business in New Jersey.

Lu brings suit for two counts of patent infringement of United States patents numbers US D529,842 S ("the '842 patent") and US D556,642 S ("the '642 patent"), each of which relates to

the ornamental design of a bicycle. Plaintiff seeks judgment that Hyper Bicycles has infringed the two patents in violation of 35 U.S.C. § 271, damages to compensate plaintiff for the infringement, trebled under 35 U.S.C. § 284 due to the willfulness of the alleged infringement and attorney's fees under 35 U.S.C. § 285.

## II.   Analysis

### A.   Principles of Claim Construction

In analyzing a patent infringement action, the Court must 1) determine the meaning and scope of the patent claims asserted to be infringed and 2) compare the properly construed claims to the infringing device. Markman v. Westview Instruments, Inc., 52 F.3d 967, 976 (Fed. Cir. 1995) (en banc), aff'd, 517 U.S. 370 (1996). The first step, known as claim construction, is an issue of law for the court to decide. Id. at 979. The second step is determined by the finder of fact. Id.

The Court's responsibility in construing claims is to determine the meaning of claim terms as they would be understood by persons of ordinary skill in the relevant art. Bell Atl. Network Servs., Inc. v. Covad Commc'ns Grp., Inc., 262 F.3d 1258, 1267 (Fed. Cir. 2001). The meaning of the terms of a utility patent are initially discerned from three sources of intrinsic evidence: 1) the claims themselves, 2) the specification and 3) the prosecution history of the patent. See

Vitronics Corp. v. Conceptronic, Inc., 90 F.3d 1576, 1582–83 (Fed. Cir. 1996).

Claim construction proceeds differently with respect to design patents. Design patents are typically claimed as shown in drawings, and claim construction is adapted accordingly. Egyptian Goddess, Inc. v. Swisa, Inc., 543 F.3d 665, 679 (Fed. Cir. 2008) (citation omitted). The Federal Circuit has instructed that a design patent's claim is often better represented by illustrations than a written claim construction. Sport Dimension, Inc. v. Coleman Co., 820 F.3d 1316, 1320 (Fed. Cir. 2016) (citing Egyptian Goddess, 543 F.3d at 679). Consequently, the preferable course for a district court ordinarily will be not to attempt to "construe" a design patent by providing a detailed verbal description of the claimed design. Egyptian Goddess, 543 F.3d at 679.

The Federal Circuit has nevertheless endorsed district courts' verbal claim construction of design patents where the district court believes such construction will be helpful in guiding the fact finder through issues that bear on the scope of the claim, such as the distinction between ornamental and functional features. Id., see also Ethicon Endo-Surgery, Inc., 796 F.3d 1312 (Fed. Cir. 2015), Richardson v. Stanley Works, Inc., 597 F.3d 1288 (Fed. Cir. 2010), OddzOn Prods. v. Just Toys, Inc., 122 F.3d 1396 (Fed. Cir. 1997). The district court

may issue a verbal description of the design or point out various features of the claimed design as they relate to the accused design and the prior art. Egyptian Goddess, 543 F.3d at 680-81.  The decision of how to construe the claims of the patent generally rests within the district court's discretion. Id. at 679 (explaining that "a district court's decision regarding the level of detail to be used in describing the claimed design is a matter within the court's discretion").

### B.   Lu's '842 and '642 Patents

#### 1.   The Design

The '842 and '642 patents are both design patents which pertain to bicycles and, in particular, the ornamental design of two bicycles.  The patents claim the design shown in their respective figures one through seven.  Because the proverbial picture is worth one thousand words, the Court attaches a demonstrative example of each claimed design.

#### 2.   Disputed Claim Terms To Be Argued

##### a.   Proposed Constructions

The parties disagree as to whether the Court should provide a verbal construction of the claimed design at all, or should instead advert to the pictorial representation thereof as shown in figures one through seven of each patent.  Defendant argues for a verbal construction but plaintiff contends that illustrations will suffice.

Defendant proposes the same six "terms" for both the '842 and '642 patents. Those terms would define: 1) the rear wheel, 2) the seat body formed of a tail section, seat and front body portion, 3) the frame, 4) the pedal/chain/gear assembly, 5) the handlebar and fork assembly and 6) the front wheel. For each term, defendant argues for the following construction:

> Ornamental aspects of the [term at issue] as shown in figures one through seven which do not include the underlying functional elements [allowing the performance of the particular function].

For example, as to term one, Hyper proposes the following construction:

> Ornamental aspects of the rear wheel as shown in Figs. 1-7 which do not include the underlying functional elements allowing the rolling of the wheel and corresponding movement of the bicycle.

Plaintiff responds that term-by-term construction is not necessary for either patent and would describe each patent as follows:

> The ornamental design for a bicycle, as shown and described in Figures 1-7.

The question in this case, therefore, is primarily the "level of detail" to be used in describing the claimed design, i.e. whether the Court should advert to the illustrations in the design patent or undertake an element-by-element description thereof. Id. at 679.

### b.   Arguments of the Parties

Plaintiff asserts that no construction is necessary beyond reference to figures one through seven and that defendant's proposed construction concerning the functional elements of the bicycles would create a danger, recognized in Egyptian Goddess, that the finder of fact will

> focus on each individual described feature in the verbal description rather than on the design as a whole.

Id. at 680.  In support of his position, plaintiff cites two cases from this district, Reddy v. Lowe's Co., 60 F. Supp. 3d. 249 (D. Mass. 2014) and DePaoli v. Daisy Mfg. Co., Inc., 2009 WL 2145721 (D. Mass. July 14, 2009).  In both, the district court, considering a design patent, declined to impose any construction beyond reference to the figures contained therein.

In Reddy, Judge Young observed that in the wake of Egyptian Goddess, district courts have "generally used" the Federal Circuit's grant of discretionary authority with respect to claim construction of design patents to "eschew textual interpretations of design patents, except under limited circumstances." 60 F. Supp. 3d at 253-54.  Judge Young did note that one such circumstance is where a design patent "incorporates both unprotected functional elements and protected ornamental elements", in which case verbal construction may focus the attention of the factfinder on the latter, protected

-6-

elements. Id. at 254. Nonetheless, Judge Young concluded that most courts, even faced with a mixed ornamental/functional item, had held inquiries into functionality to be more appropriate for a later stage in the litigation, such as summary judgment or jury instructions. Id. Applying the precedent to the claim construction at hand, Judge Young adopted a construction that did little more than refer to the illustrations of the design patent at issue. Id. at 260.

In DePaoli, Judge Woodlock, after thorough consideration of the issue, found it "not entirely apparent" whether the Federal Circuit in Egyptian Goddess advocated resolving functionality issues through formal Markman claim construction, jury instructions, or some other means. DePaoli at *4. Finding the extant authority sparse and divided, Judge Woodlock declined to offer a verbal construction to the design patent at issue. Id. He reasoned that to provide the jury with a verbalized construction of the patent's claims which directs their attention to the two illustrations in the patent and then describes only those elements implicated by prosecution history and functionality would place an undue emphasis on those elements. Id.

Resting on Reddy and DePaoli, plaintiff requests that the Court reject defendant's proposed construction and reserve any issues of functionality for a later time.

Defendant rejoins that a verbal construction of claims explicitly excluding functional elements, as it has proposed, is more appropriate. It observes that the Federal Circuit in Egyptian Goddess stated that it may be helpful for the court to point out various features of the claimed design as they relate to the accused design and the prior art. 543 F.3d at 680. It then cites Lanard Toys, Ltd. v. Dolgencorp, LLC, a case in which the Federal Circuit, reviewing the verbal construction of a design patent, approvingly concluded that the lower court had followed the Egyptian Goddess standard "to a tee". 958 F.3d 1337, 1342 (Fed. Cir. 2020). Defendant submits that Lanard controls the present case, or at least provides more authoritative guidance than DePaoli and Reddy.

### c. Application

Plaintiff's proposed construction (or absence thereof) more closely accords with district and Federal Circuit precedent. Defendant's argument to the contrary is unavailing. The district court in Lanard did not approach the claim construction of the design patent at issue there in a manner similar to that which Hyper now proposes. See Lanard Toys Ltd. v. Toys "R" Us-Delaware, Inc., 2019 U.S. Dist. LEXIS 46911 at *37 (M.D. Fla.

-8-

Mar. 21, 2019) (stating that "the Court will not undertake a detailed written description" of the patent and "relies instead on these exemplary drawings"). Rather, the district court referred to the drawings in the design patent and only then identified four functional characteristics which limited the scope of the protected subject matter. Id. at *39.

The element-by-element approach to claim construction proposed by defendant, while perhaps not specifically proscribed, invites the kind of myopic, restrictive approach to the infringement analysis which the Federal Circuit has found to be "untethered from the ordinary observer inquiry" and therefore error. Ethicon, 796 F.3d at 1335 (citing Amini Innovation Corp. v. Anthony Cal., Inc., 439 F.3d 1365 (Fed Cir. 2006)). Defendant's proposal needlessly provokes such an error. See Egyptian Goddess, 543 F.3d at 680 (admonishing district courts to "recognize the risk" of a verbal description that may place undue emphasis on certain features in lieu of the design as a whole").

Plaintiff's approach hews more closely to precedent, especially that of this district. As acknowledged by Judges Young and Woodlock, however, in Reddy and DePaoli, it would be well within the Court's discretion to provide some verbal

construction at a reduced level of detail than that proposed by defendant.

The Court believes that a limited verbal construction would be helpful here. See Egyptian Goddess, 543 F.3d at 680 (explaining that it "may be helpful to point out . . . . various features of the claimed design"). Thus, the Court adopts the following construction for each patent:

> The ornamental design for a bicycle, as shown and described in Figures 1-7 and excluding the wheels, seat, frame, handlebars and pedal/gear/chain assembly of the bicycle only to the extent those elements serve functional, not ornamental, purposes.

The Court adopts this construction without prejudice to its ultimate jury instruction on functional versus ornamental elements or any other related factors.

**So ordered.**

                                                  /s/ Nathaniel M. Gorton  
                                           Nathaniel M. Gorton  
                                           United States District Judge

Dated October 25, 2021.