United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| Fa-Hsing Lu, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. |
| Hyper Bicycles, Inc., | ) | 20-11739-NMG |
| | ) | |
| Defendant. | ) | |

MEMORANDUM & ORDER

GORTON, J.

This case arises out of the alleged patent infringement by defendant Hyper Bicycles, LLC ("Hyper" or "the defendant") of two design patents held by plaintiff Fa-Hsing Lu ("Lu" or "the plaintiff"). Pending before the Court is defendant's motion for summary judgment as to plaintiff's affirmative claims. For the reasons that follow, the motion will be allowed.

III.  **Background**

In September, 2020, Lu, a citizen and resident of Taiwan, Republic of China, filed suit in this Court for patent infringement against Hyper, a Massachusetts corporation with its principal place of business in New Jersey. Lu asserts infringement of United States patent numbers US D529,842 S ("the '842 patent") and US D556,642 S ("the '642 patent"), each of which relates to the ornamental design of a bicycle. Hyper

denied the substantive claims in November, 2020, and asserted 13 counterclaims against Lu.

In October, 2021, this Court convened a <u>Markman</u> hearing with respect to the claim construction of the '842 and '642 patents.  Shortly thereafter, it issued a memorandum and order in which it adopted a limited verbal construction of the patents.  The Court allowed several requests in 2022 for extensions of the scheduling order before setting final deadlines for fact discovery and expert discovery in March and May of 2023, respectively.  Defendant filed the pending motion for summary judgment in June, 2023, which plaintiff eventually opposed.

**IV.  <u>Motion for Summary Judgment</u>**

    **A.  Legal Standard**

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." <u>Mesnick</u> v. <u>Gen. Elec. Co.</u>, 950 F.2d 816, 822 (1st Cir. 1991) (quoting <u>Garside</u> v. <u>Osco Drug, Inc.</u>, 895 F.2d 46, 50 (1st Cir. 1990)).  The burden is on the moving party to show, through the pleadings, discovery and affidavits, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A fact is material if it "might affect the outcome of the suit under the governing law . . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

If the moving party satisfies its burden, the burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  The Court must view the entire record in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993).  Summary judgment is appropriate if, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Celotex Corp., 477 U.S. at 322-23.

**B.  Application**

Hyper moves for summary judgment on the grounds that Lu has not proffered any evidence in support of his claims of patent infringement nor any evidence upon which an award of damages could depend.  In his opposition to the motion, Lu contends that certain deposition testimony supports his claims and suggests that the Court should re-open discovery so that he can "address

the damages issues". The Court concludes that Hyper is entitled
to summary judgment and will deny Lu's request to re-open
discovery.

As an initial matter, plaintiff has neglected to submit a
concise statement of the facts which he contends present a
genuine issue to be tried. Instead, he filed a cursory
opposition brief, with no accompanying statement of facts, as
well as exhibits comprised of two deposition excerpts and
pleadings from this case. Local Rule 56.1 supplies the proper
sanction:

> Material facts of record set forth in the statement
> required to be served by the moving party will be
> deemed for purposes of the motion to be admitted by
> opposing parties unless controverted by the statement
> required to be served by opposing parties.

Hyper, the moving party, has submitted its required
statement of material facts. Those facts may be "deemed for
purposes of the motion to be admitted" because Lu, the opposing
party, has not served a concise statement controverting them.
Furthermore, Hyper's statement of material facts is dipositive
of the issues raised in its motion for summary judgment. See
Docket No. 88, Defendant's Statement of Undisputed Material
Facts, at ¶¶ 5-10 (plaintiff has not identified any evidence of
infringement); id. at ¶¶ 11-34 (plaintiff has not identified any
evidence of damages).

Even if this Court were to consider plaintiff's opposition and the attached exhibits as an appropriate medium for plaintiff to identify and contest purportedly triable issues of fact, the contentions that he raises do not present any genuine and/or material issues.  Plaintiff did not propound any written discovery, take any depositions or designate any experts throughout the course of this litigation.  The only specific evidence Lu is able to identify in his opposition, therefore, is the deposition testimony of an officer of Hyper in another case and Lu's own deposition testimony in these proceedings.

The deposition testimony of Clay Goldsmid, Hyper's principal, indicates only that certain unspecified photos of Hyper's MotoBike and SpeedBike were "based upon the drawing[s]" in Lu's patents.  Furthermore, plaintiff's deposition testimony merely states that he found defendant's purportedly infringing products on the internet (e.g. on Walmart's website) sometime in 2019 or 2020.  Lu testified that he had no knowledge, however, of whether a single product was actually sold.  Such scant and vague testimony does not present a genuine dispute as to whether defendant sold products that infringed plaintiff's patents.

With respect to damages, Lu proffers no evidence at all. Instead, he submits that there is a presumption of damages if patent infringement is proved and requests that the Court allow for limited discovery in the weeks before trial so that he can

elicit some evidence of damages.  Plaintiff's request for
additional discovery under Fed. R. Civ. P. 56(d) does not
satisfy the criteria of "authoritativeness, timeliness, good
cause, utility, and materiality" articulated by the First
Circuit Court of Appeals. See In re PHC Shareholder Litig., 762
F.3d 138, 144 (1st Cir. 2014) (citation omitted).

    In particular, plaintiff fails to make an adequate showing
with respect to the timeliness of and good cause for his
request. See Emigrant Residential LLC v. Pinti, 37 F.4th 717,
725-26 (1st Cir. 2022) (holding that the failure to show good
cause "ordinarily will be reason enough to deny Rule 56(d)
discovery").  Plaintiff's request for Rule 56(d) discovery on a
critical aspect of his case, damages, comes months after the
close of discovery (a deadline which had been extended multiple
times), on the eve of trial, in a case that is nearly three
years old.  There is no good cause for such an untimely request.

    In his affidavit, plaintiff's counsel obliquely suggests
that certain periods of time during which defendant was not
represented by local counsel prevented him from pursuing
discovery.  That notion is meritless.  Lu enjoyed "a full and
fair opportunity to obtain relevant facts earlier in [this]
case" and did nothing with it. Id. at 726.  The Court will not
re-open discovery shortly before trial to allow plaintiff to

conduct discovery which he could and should have conducted months (or years) earlier.

The Court finds, therefore, that plaintiff has failed to controvert defendant's statement of undisputed facts in violation of Local Rule 56.1 and, in any event, has failed to present a genuine issue of material fact as to infringement and/or damages.

### ORDER

For the foregoing reasons, defendant's motion for summary judgment (Docket No. 80) is **ALLOWED**.  Plaintiff's request to re-open discovery pursuant to Fed. R. Civ. P. 56(d) is **DENIED**.

**So ordered.**

                                    /s/ *Nathaniel M. Gorton*
                                    Nathaniel M. Gorton
                                    United States District Judge

Dated: August 7, 2023