```
                    United States District Court
                      District of Massachusetts
 _____
                               )
Fa-Hsing Lu,                   )
                               )
          Plaintiff,           )
                               )
     v.                        )
                               )    Civil Action No.
Hyper Bicycles, Inc.,          )    20-11739-NMG
                               )
          Defendant.           )
 _____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises out of the alleged infringement by defendant Hyper Bicycles, LLC ("Hyper" or "defendant") of two design patents held by plaintiff Fa-Hsing Lu ("Lu" or "plaintiff"). Summary judgment has been entered in defendant's favor on all counts and pending before the Court is its motion for attorney's fees. For the reasons that follow, the motion will be ALLOWED, in part, and DENIED, in part.

I. **Background**

In September, 2020, Lu, a citizen and resident of Taiwan, Republic of China, filed suit in this Court for patent infringement against Hyper, a Massachusetts corporation with its principal place of business in New Jersey. Lu asserts infringement of United States Patent Numbers D529,842 S ("the

'842 patent") and D556,642 S ("the '642 patent"), each of which relates to the ornamental design of a bicycle.  Hyper denied the substantive claims in November, 2020, and asserted 13 counterclaims against Lu.

In October, 2021, this Court convened a Markman hearing with respect to the claim construction of the '842 and '642 patents.  Shortly thereafter, it issued a memorandum and order in which it adopted a limited verbal construction of the patents.  The Court allowed several requests in 2022 and 2023 for extensions of time to complete fact and expert discovery.  Defendant filed a motion for summary judgment in June, 2023, which this Court allowed in August, 2023.  Defendant now moves for attorney fees pursuant to 35 U.S.C. § 285.

## II. **Motion for Attorneys' Fees**

The Patent Act permits an award of reasonable attorneys' fees to the prevailing party "in exceptional circumstances." 35 U.S.C. § 285.  Whether a case is "exceptional" turns on whether the case

> stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated.

Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545, 554 (2014).  For a finding of exceptionality, it is not

-2-

enough that legal and factual arguments put forth during the litigation turn out to be incorrect or unsuccessful. See SFA Sys., LLC v. Newegg Inc., 793 F.3d 1344, 1349 (Fed. Cir. 2015).

This Court is charged to make its determination case-by-case based on the totality of the circumstances. Id.  Factors that support a finding of exceptionality include, but are not limited to:

> frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.

Octane Fitness, LLC, 572 U.S. at 554 n.6 (quoting Fogarty v. Fantasy, Inc., 510 U.S. 517, 534 n.19 (1994).

Based on the totality of circumstances, including, inter alia, the frivolity of plaintiff's claims and his failure to litigate the case meaningfully, this is an exceptional case in which the award of attorneys' fees is warranted.

From February, 2022 to March, 2023, plaintiff sought four extensions of the deadlines in the scheduling order.  By the time of the fourth motion to extend, this Court was compelled to deny the motion, in part, because plaintiff's proposed extension would have made this a three-year-old case.

The extended age of the case as a result of plaintiff's procrastination does not, of itself, render it "exceptional." It does push it over the edge, however, when added to the fact

that during the three years of pendency, plaintiff failed to propound any written discovery, took no depositions and did not designate a single expert witness.

When confronted by defendant's motion for summary judgment, plaintiff barely contested it.  He submitted a cursory opposition, without an accompanying statement of facts in contravention of Local Rule 56.1.  He thus conceded the material facts submitted by defendant and, based on the threadbare materials put forward in his brief, summary judgment was entered in favor of defendant.

Now, in yet another meritless brief, plaintiff cites two reasons to support his contention that this case is not "exceptional": 1) proffered evidence from a deposition of defendant's principal in another case and 2) his own deposition testimony in this case.

While the deposition of defendant's principal revealed that its MotoBike and SpeedBike products were based on drawings in plaintiff's patents, plaintiff testified at his deposition that he had no knowledge of whether such products were ever actually sold.  Furthermore, plaintiff proffered no evidence of damages.  That plaintiff did not know whether a single, allegedly-infringing product was sold is a testament to his failure to investigate the basic facts relevant to his claims.

In summary, plaintiff did not prosecute his claim in good faith and made little effort to limit the costs incurred by dragging it out. Accordingly, the Court finds that this is an exceptional case under the Patent Act and that defendant is entitled to recover at least some attorneys' fees.

## V. Award of Fees

This Court does not have reason to believe that the suit was originally filed in bad faith or that plaintiff engaged in misconduct. Whether he should have known from the outset that his suit was without merit is arguable but, in any event, the case is exceptional because of his dilatory conduct during the litigation.

Accordingly, this Court will award defendant attorneys' fees and costs incurred after January 3, 2022. On that date, 14 months after the litigation commenced, plaintiff admitted in an interrogatory that he had no records in his possession "identifying any products imported, manufactured, sold, or offered [for] sale" that infringed the patents in suit. At that juncture, counsel for plaintiff should have known his client's patent infringement claim was meritless and should have been dismissed.

Defendants will promptly file an application for fees, with affidavits and a detailed breakdown of time and costs. The fees

sought must be consistent with this memorandum and reasonably related to services rendered within the designated timeframe. Plaintiff may object or otherwise respond to such an application.

## ORDER

For the foregoing reasons, the motion of defendant, Hyper Bicycles, Inc., for attorneys' fees (Docket No. 106) is, as to all reasonable fees incurred on or after January 3, 2022, **ALLOWED**, but is otherwise **DENIED**.  Defendant shall file an appropriate application on or before Tuesday, November 28, 2023, and plaintiff an opposition, if any, on or before Tuesday, December 12, 2023.

**So ordered.**

          /s/ Nathaniel M. Gorton
          Nathaniel M. Gorton
          United States District Judge

Dated:  November 7, 2023